IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN (HELENA) DIVISION

FUTURE MAE JEFFERS; MARY JEFFERS;
HENRY PEACOCK; SHIRLEY HARVELL;
REV. RONALD WILLIAMS; PEGGY R. WRIGHT;
LAURA LOVE; FRANK SHAW; C.W. CAMPBELL;
LEO CHITMAN; ETTA CAMPBELL; PLEZ LUCAS;
VICKIE ROBERTSON; JOSEPH PERRY; ELBERT SMITH;
SANDRA BAGLEY; NIKKI DISMUKE; ALICE W. VALLEY;
LAKETHA BROWN FLUKER; KATRINA HARRELL;
CHESTER HARRELL; EDDIE O'NEAL; CHRISTOPHER
FRANKLIN; and JACK BERNARD CRUMBLY                                  PLAINTIFFS

vs.                         No.: 2:12-CV-16-JLH

MIKE BEEBE, in his official capacity as Governor of Arkansas and Chairman
of the Arkansas Board of Apportionment; MARK MARTIN, in his
official capacity as Secretary of State of Arkansas and as a member of the
Arkansas Board of Apportionment; DUSTIN MCDANIEL, in his official capacity
as Attorney General and as a member of the Arkansas Board of
Apportionment; and THE ARKANSAS BOARD OF APPORTIONMENT         DEFENDANTS

**ANSWER OF SEPARATE DEFENDANT
SECRETARY OF STATE MARK MARTIN,
IN HIS OFFICIAL CAPACITY AND AS A
MEMBER OF THE BOARD OF APPORTIONMENT**

COMES NOW the Separate Defendant Mark Martin, in his official capacity as Secretary of State of Arkansas and as a member of the Arkansas Board of Apportionment ("Separate Defendant Martin"), by and through his attorneys of record, and for his Answer to Plaintiffs' Complaint and Request for Preliminary Injunction ("Complaint"), states:

1. The Separate Defendant Martin denies the allegations of Paragraph 1 of Plaintiffs' Complaint pertaining to the intent of the Separate Defendant Martin. The Separate Defendant Martin denies that he acted in any way to dilute the voting strength of African American voters in northeastern Arkansas. The Separate Defendant Martin further denies that he acted in any way to deny African American voters the equal opportunity to elect candidates of their choice to the Arkansas Senate. Pleading affirmatively, the Separate Defendant Martin dissented from the redistricting plan ultimately adopted by the Board of Apportionment by a 2-1 vote. Further pleading affirmatively, the Separate Defendant Martin previously submitted an alternative apportionment plan for the State Senate that would have maintained the relative voting strength of African Americans of voting age population in Senate District 24. Separate Defendant Martin lacks sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations made in Paragraph 1 of the Plaintiffs' Complaint, and so denies those allegations.

2. The Separate Defendant Martin admits the jurisdiction of this Court and a three-judge panel to hear this case, and admits that venue is proper herein as alleged in Paragraphs 2, 3 and 4 of the Plaintiffs' Complaint.

3. The Separate Defendant Martin lacks knowledge or information sufficient to form a belief about the truth of the residency and other allegations of each Plaintiff as alleged in Paragraphs 5 through 26 of the Complaint and therefore denies the same.

4. The Separate Defendant Martin admits the allegations of Paragraph 27 of the Complaint pertaining to the residency and office of Separate Plaintiff Jack Bernard Crumbly.

5. The Separate Defendant Martin admits the allegations of Paragraph 28 of the Complaint pertaining to the official capacity of each Separate Defendant as constitutional officers for the State of Arkansas and as members of the Board of Apportionment. The Separate Defendant Martin further admits that as Secretary of State he serves as the chief election official for the State of Arkansas responsible for overseeing elections for the State's General Assembly under plans adopted by the Board of Apportionment.

6. The Separate Defendant Martin admits the allegations of Paragraph 29.

7. The Separate Defendant Martin lacks knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 30 of Plaintiffs' Complaint, and so denies those allegations.

8. The Separate Defendant Martin denies the factual allegations made in Paragraphs 31 and 32.

9. Separate Defendant Martin admits that, on information and belief, the black voting age population ("BVAP") in Senate District 24 of 2011 is lower that the BVAP of Senate District 16 of 2001. The Separate Defendant Martin lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations made in Paragraph 33, and so denies those allegations.

10. The allegations of Paragraphs 34 through 47 of Plaintiffs' Complaint contain allegations of fact and conclusions of law. Each of the allegations of fact and conclusions of law contained therein are denied by the Separate Defendant Martin. As the Separate Defendant Martin continues his review of the factual allegations, he will determine whether there are agreed upon facts that may be jointly submitted to the Court. Separate Defendant Martin admits that prior case law, transcripts and maps speak for themselves.

11. The Separate Defendant Martin denies the First and Second Claims for Relief set out in Paragraphs 48 through 51 of the Plaintiffs' Complaint; the equitable relief requested in Paragraphs 52 and 53 of the Plaintiffs' Complaint; the request for attorney's fees, expenses and costs in Paragraph 54 of the Plaintiffs' Complaint; and the specific and general prayer for relief contained in Paragraph 55 of Plaintiffs' Complaint.

12. The Separate Defendant Martin, pleading affirmatively, states that he voted against the plan adopted by the Board of Apportionment, and instead presented an alternative plan that satisfies all constitutional requirements, as well as all requirements of the federal Voting Rights Act of 1965 (42 U.S.C. § 1973).

13. The Separate Defendant Martin affirmatively pleads that, notwithstanding his opposition to the current redistricting plan adopted by the Board of Apportionment for the Arkansas Senate Districts, it would be impossible to grant Plaintiffs the relief they seek for the 2012 election, given the cost and potential loss of equal representation that might result from any changes to the

Senate District plan, as previously adopted, at this late date. The Arkansas Election Calendar has the following deadlines, among others:

| | |
|---|---|
| Filing Period for State Legislative Candidates: | Feb. 23 to March 1, 2012 |
| Certification of candidates by Secretary of State: | March 8, 2012 |
| Ballot draw: | March 11, 2012 |
| Absentee Ballot applications available: | March 23, 2012 |
| Delivery of Military and Overseas Ballots to Clerk: | April 5, 2012 |
| Mailing of Military and Overseas Ballots: | April 6, 2012 |
| Voter Registration ends for Primary Elections: | April 22, 2012 |
| Early Voting begins: | May 7, 2012 |
| Preferential Primary and Judicial Elections: | May 22, 2012. |

14. The Separate Defendant Martin, pleading affirmatively, states that it would be impossible for the County Clerks to timely re-precinct voters into new Senate district boundaries, for the counties that may be involved in this matter. As a practical matter, County Clerks in Arkansas oversee the Voter Registration database, absentee voting, and early voting for the election in each county. Clerks and Election Commissioners must know the exact voting boundaries for each legislative district, and the corresponding precincts, at least sixty (60) days in advance of the filing period for the Preferential Primary and Judicial Elections in order to properly prepare for, and conduct, that election. Re-precincting of voters has been in process since July 29, 2011, and is a long and involved process, requiring changes by County Boards of Election Commissioners to precinct and other boundaries, and implementation by County Clerks to change voters into their new Senate districts and precincts. Moreover, and unfortunately, the voter registration system does not provide for the preservation of old district or precinct lines,

and those old lines have now been "erased" inside of the voter registration system in most counties in Arkansas.

15. The Separate Defendant Martin, pleading affirmatively, states that any candidate for the Arkansas Senate must meet the one-year residency requirement for the relevant Senate district he or she is seeking to represent, i.e., at least one year before the State General Election on November 8, 2012 (Ark. Const. Art. 5, §4). Any judicial change to the Senate district boundaries for the current election year, 2012, would put the State in jeopardy of violating the constitutional rights of candidates – or candidates to be – who may be excluded from seeking a seat in any newly-drawn Senate district in the 2012 elections as those persons would not know of, nor be able to meet, the constitutional one-year residency requirement.

16. The Separate Defendant Martin affirmatively pleads that the Board of Apportionment adopted the current redistricting plan for the Arkansas Senate, that is the subject of Plaintiffs' Complaint, on July 29, 2011, but that the Plaintiffs' Complaint was not filed until almost six (6) months later on January 23, 2012 and only one (1) month prior to the start of the 2012 candidate filing period. Accordingly, the Separate Defendant Martin pleads the affirmative defenses of laches and waiver pursuant to the Federal Rules of Civil Procedure Rule 8(c)(1) *for the current 2012 election year alone*.

17. The Separate Defendant Martin affirmatively pleads that the Plaintiffs' Request for a Preliminary Injunction contained within the Plaintiffs' Complaint does not constitute a valid

6

motion for a preliminary injunction as required by Federal Rules of Civil Procedure Rules 7 and 65; and by 28 U.S.C. § 2284(b)(3). The Separate Defendant Martin further affirmatively pleads that Plaintiffs' requests for preliminary injunction do not meet the minimum requirements for a motion for preliminary injunction established under applicable federal case law in that Plaintiffs have failed to show or plead sufficient facts to establish: (i) a likelihood of success on the merits; (ii) that Plaintiffs will suffer irreparable harm if the preliminary injunction is denied; (iii) that granting preliminary relief will not result in even greater harm to the Defendants; and (iv) that the public interest favors such relief.

18. The Separate Defendant Martin denies each and every material allegation made in the Complaint and Request for Preliminary Injunction, unless specifically admitted herein.

19. The Separate Defendant Martin asks the Court to deny Plaintiffs any and all of the relief they seek for the 2012 election cycle; asks the Court to deny Plaintiffs any preliminary or injunctive relief for the 2012 election; and asks the Court to deny Plaintiffs any other claims and requests for relief unless proven at a trial on the merits.

WHEREFORE, the Separate Defendant Martin prays that the Court grant Separate Defendant Martin the relief he seeks herein; that the Court deny Plaintiffs any immediate injunctive relief because of (i) the close proximity of the May 22, 2012 elections, (ii) the potentially adverse impact on the constitutional rights of the remaining citizens of this State which may result if such immediate injunctive relief is given, (iii) the Plaintiffs' waiver of their rights to pursue a claim

and Plaintiffs' laches, and (iv) the procedural deficiencies rendering Plaintiffs' request for a preliminary injunction defective; that the Court deny Plaintiffs the relief they seek; and that the Court grant Separate Defendant Martin all other relief to which he may be entitled under the circumstances.

                Respectfully submitted,

                /s/ Asa Hutchinson
                ASA HUTCHINSON
                Arkansas Bar No. 75065
                asa@ahlawgroup.com
                W. ASA HUTCHINSON III
                Arkansas Bar No. 2001115
                ahutchinson@ahlawgroup.com
                THE ASA HUTCHINSON LAW GROUP, PLC
                3300 Market Street, Suite 404
                Rogers, Arkansas 72758
                (479) 878-1600 – Phone
                (479) 878-1605 – Facsimile

*Attorneys for Separate Defendant Mark Martin, in his official capacity as Secretary of State of Arkansas and as a member of the Arkansas Board of Apportionment*

## CERTIFICATE OF SERVICE

I, Asa Hutchinson, hereby certify that on February 10, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the listed CM/ECF participants as follows:

James F. Valley
J F VALLEY ESQ PA
P.O. Box 451
Helena-West Helena, Arkansas 72342-0451
james@jamesfvalley.com

*Attorneys for Plaintiffs*


Warren T. Readnour
Senior Assistant Attorney General
Office of the Attorney General
323 Center Street, Suite 500
Little Rock, Arkansas 72201
warren.readnour@arkansasag.gov

David A. Curran
Assistant Attorney General
Office of the Attorney General
323 Center Street, Suite 500
Little Rock, Arkansas 72201
david.curran@arkansasag.gov

*Attorneys for Separate Defendants*
*Governor Mike Beebe, Attorney General Dustin McDaniel,*
*and The Arkansas Board of Apportionment*

/s/ Asa Hutchinson