IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

FUTURE MAE JEFFERS, et al.                                                              PLAINTIFFS

v.                                     Case No. 2:12-cv-00016-JLH

MIKE BEEBE, in his official capacity as
Governor of Arkansas and Chairman of
the Arkansas Board of Apportionment;
MARK MARTIN, in his capacity as Secretary
of State of Arkansas and as a member of
the Arkansas Board of Apportionment;
DUSTIN McDANIEL, in his capacity as Attorney
General of Arkansas and a member of the
Arkansas Board of Apportionment; and
THE ARKANSAS BOARD OF APPORTIONMENT                              DEFENDANTS

## JOINT RULE 26(f) REPORT

On February 9, 2012, counsel for plaintiffs, counsel for Governor Mike Beebe, Attorney General Dustin McDaniel, and the Arkansas Board of Apportionment ("Separate Defendants"), and counsel for Secretary of State Mark Martin held a joint Rule 26(f) conference pursuant to the Court's order (Doc. 9). The parties agreed on a schedule for expedited discovery, culminating in a trial during the week of May 7, 2012, if the Court's schedule permits. This proposed schedule contemplates a full trial or hearing on the merits that begins approximately two weeks before the May 22, 2012, primary elections. Plaintiffs agree that their request for a preliminary injunction should be consolidated with a trial on the merits under this expedited schedule. A summary of the jointly proposed deadlines, in chronological order, is as follows:

| February 17, 2012 | Deadline for parties to make initial disclosures under Rule 26(a)(1). |
|---|---|
| February 22, 2012 | Deadline for Plaintiffs to respond to Separate Defendants' motion to dismiss. |

| | |
|---|---|
| February 24, 2012 | Deadline for Plaintiffs to produce electronic block equivalency files related to any maps that Plaintiffs intend to use at trial as proposed benchmarks or alternatives to the adopted 2011 Senate Plan.<br><br>In addition, Plaintiffs will produce hard copies or PDF images of each alternative plan that shows the boundaries of Senate District 24 and any other affected districts (with cities and county boundaries shown), along with summary demographic data that corresponds to each affected district similar to the document attached to Defendants' motion to dismiss as Exhibit 1 (including total population, black population, and black voting-age population). |
| February 28, 2012 | Deadline for Defendants to reply to Plaintiffs' response to Defendants' motion to dismiss |
| March 9, 2012 | Deadline for Plaintiffs to provide pretrial disclosures of witnesses and exhibits under Rule 26(a)(3). To ensure that parties have an adequate time to depose anticipated trial witnesses, amendments to the pretrial disclosures will not be permitted without leave of court.<br><br>Deadline for Plaintiffs to provide expert disclosures under Rule 26(a)(2). Electronic information or data that has been used or reviewed by the expert must also be produced. |
| March 30, 2012 | Deadline for Defendants to provide pretrial disclosures under Rule 26(a)(3). To ensure that parties have an adequate time to depose anticipated trial witnesses, amendments to the disclosures will not be permitted without leave of court.<br><br>Deadline for Defendants to provide expert disclosures under Rule 26(a)(2). Electronic information or data that has been used or reviewed by the expert must also be produced. |

| April 6, 2012 | Discovery cut-off date<br><br>Deadline to file dispositive motions and *Daubert* motions |
|---|---|
| April 20, 2012 | Deadline to file responses to dispositive motions and *Daubert* motions |
| April 27, 2012 | Deadline to file replies to responses to dispositive motions and *Daubert* motions |
| Week of May 7, 2012 | Trial/hearing on the merits consolidated with plaintiffs' request for preliminary injunctive relief |

## LOCAL RULE 26.1 ITEMS

**(1)     Any changes in timing, form or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a).**

**JOINT RESPONSE**:  The parties propose that they provide initial disclosures on February 17, 2012; that Plaintiffs make expert and pretrial disclosures on March 9, 2012; and that Defendants make expert and pretrial disclosures on March 30, 2012.  In addition, on February 24, 2002, Plaintiffs will produce, without the necessity of receiving written discovery requests, all electronic block equivalency files related to any maps that Plaintiffs intend to use at trial (or any pre-trial proceedings) as proposed benchmarks or alternatives to the adopted 2011 Senate Plan.  Plaintiffs will also produce hard copies or PDF images of each alternative plan that shows the boundaries of Senate District 24 and any other affected districts (with cities and county boundaries shown), along with summary demographic data that corresponds to each affected district similar to the document attached to Defendants' motion to dismiss as Exhibit 1 (including total population, black population, and black voting-age population).

**(2)** **Date when mandatory disclosures were or will be made.**

**JOINT RESPONSE**: The parties propose that they will make initial disclosures on February 17, 2012; that Plaintiffs make expert and pretrial disclosures on March 9, 2012; and that Defendants make expert and pretrial disclosures on March 30, 2012.

**(3)** **Subjects on which discovery may be needed.**

**JOINT RESPONSE**: The parties anticipate that discovery may be needed on the following topics:

- The allegations in plaintiffs' complaint and the factual bases for those allegations;
- Census data, including the racial and population demographics in Arkansas;
- Election results and related data;
- Plaintiffs' alternative "benchmark" plans for the Senate, the feasibility of those plans, and the extent to which those plans comply with federal law;
- The factors under *Thornburg v. Gingles*, 478 U.S. 30, 46 (1986), including:
    - Whether there is a minority group that is sufficiently and geographically compact to constitute a majority in a single-member district;
    - Whether the minority group is politically cohesive,
    - Whether there is a white majority that votes sufficiently as a bloc to enable it usually to defeat the minority's preferred candidate;
    - The extent of any history of official discrimination in the State that touched the right of the members of the minority group to register, to vote, or otherwise to participate in the democratic process;

4

- The extent to which the State has used voting practices or procedures in the relevant area that may enhance the opportunity for discrimination against the minority group;
- Whether there is a candidate slating process and whether the members of the minority group have been denied access to that process;
- The extent to which members of the minority group in the relevant area bear the effects of discrimination in such areas as education, employment, and health, which hinder their ability to participate effectively in the political process;
- Whether political campaigns have been characterized by overt or subtle racial appeals;
- The extent to which members of the minority group have been elected to public office in the jurisdiction;
- Whether there is a significant lack of responsiveness on the part of elected officials to the particularized needs of the members of the minority group; and
- Whether the policy underlying the State's use of such standard or practice is tenuous.

**(4) Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.**

**JOINT RESPONSE:** Separate Defendants anticipate that they will need electronic block equivalency files associated with any maps or plans that plaintiffs may use at trial as proposed benchmarks or alternatives. In addition, the parties anticipate they will need to produce any underlying electronic information or data that is used or reviewed by expert witnesses.

**(c)     The format and media agreed to by the parties for the production of such Data as well as agreed procedures for such production;**

<u>**JOINT RESPONSE**</u>:  Plaintiffs agree to produce the block equivalency files to Separate Defendants in a manner that is compatible with Citygate Autobound software.  The parties will produce underlying data that corresponds with their expert disclosures in Excel format where possible.  If this format is not reasonably possible, the parties will confer about producing the data in a format that is reasonably accessible by all parties.

**(d)     Whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;**

<u>**JOINT RESPONSE**</u>:  The parties have undertaken such measures.

**(e)     Other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.**

<u>**JOINT RESPONSE**</u>:  None

**(5)     Date by which discovery should be completed.**

<u>**JOINT RESPONSE**</u>:  The parties propose a discovery cut-off date of April 6, 2012.

**(6)     Any needed changes in limitations imposed by the Federal Rules of Civil Procedures.**

<u>**JOINT RESPONSE**</u>:  Separate Defendants request that they not be required to seek leave of Court to take more than 10 depositions under Rule 30(a)(2)(A)(i).  There are 24 plaintiffs in this case, each of whom may testify at trial.  In addition, due to the scope of this

case, other lay and expert witnesses may be designated in the parties' disclosures. The other parties do not object.

**(7)     Any orders, e.g., protective orders, which should be entered.**

**JOINT RESPONSE**:  The parties do not believe that a protective order is necessary at this time.

**(8)     Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

**JOINT RESPONSE**:  The parties do not object to providing initial disclosures.

**(9)     Any objections to the proposed trial date.**

**JOINT RESPONSE**:  The Court has not set a proposed trial date.  The parties propose that the Court set aside the week of May 7, 2012, for a final trial or hearing in this matter.

**(10)    Proposed deadline for joining other parties and amending the pleadings.**

**JOINT RESPONSE**:  Separate Defendants propose that, due to the expedited discovery and trial schedule, the Court not allow a joinder of additional parties or an amendment to the pleadings that would involve new legal theories or causes of action.  The other parties do not object.

**(11)    Proposed deadline for completing discovery.  (Note:  In the typical case, the deadline for completing discovery should be no later than sixty (60) days before trial.)**

**JOINT RESPONSE**:  The parties propose a discovery cut-off date of April 6, 2012.

**(12)    Proposed deadline for filing motions other than motions for class certification.  (Note: In the typical case, the deadline for filing motions should be no later than sixty (60) days before trial.)**

**JOINT RESPONSE**:  The parties propose April 6, 2012, as the deadline for filing motions.  This should allow sufficient time for the parties to submit dispositive motions and *Daubert* motions for the Court's consideration, albeit on a truncated briefing cycle.

**(13)  Class certification:  In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification. (Note:  In the typical case, the deadline for filing motions for class certifications should be no later than ninety (90) days after the Fed. R. Civ. P. 26(f) conference.**

**JOINT RESPONSE:**  Not applicable.

                              DUSTIN MCDANIEL
                              Attorney General of Arkansas

                              By: /s/ *David A. Curran*
                              David A. Curran, Ark. Bar No. 2003031
                              Assistant Attorney General
                              Warren T. Readnour, Ark. Bar No. 93224
                              Senior Assistant Attorney General
                              Office of the Arkansas Attorney General
                              323 Center St., Suite 500
                              Little Rock, AR 72201
                              Phone: (501) 682-1681
                              Fax: (501) 682-2591
                              Email: david.curran@arkansasag.gov

                              *Attorneys for Separate Defendants Governor Mike*
                              *Beebe, Attorney General Dustin McDaniel, and*
                              *The Arkansas Board of Apportionment*

/s/ *Asa Hutchinson*
ASA HUTCHINSON
Arkansas Bar No. 75065
asa@ahlawgroup.com
W. ASA HUTCHINSON III
Arkansas Bar No. 2001115
ahutchinson@ahlawgroup.com
THE ASA HUTCHINSON LAW GROUP, PLC
3300 Market Street, Suite 404
Rogers, Arkansas 72758
(479) 878-1600 – Phone
(479) 878-1605 – Facsimile

*Attorneys for Separate Defendant Mark Martin, in his official capacity as Secretary of State of Arkansas and as a member of the Arkansas Board of Apportionment*

/s/ *James F. Valley*
James F. Valley, ABN 96052
J F VALLEY ESQ PA
P O BOX 451
423 Rightor Street, Suite 3
Helena-West Helena, AR 72342-0451
(870)338-6487 x 7 Office
(866)786-9885 Phone and Fax
Email: james@jamesfvalley.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

James F. Valley
james@jamesfvalley.com

W. Asa Hutchinson, Esq.
asa@ahlawgroup.com

W. Asa Hutchinson, III
ahutchinson@ahlawgroup.com

/s/ David A. Curran