**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

FUTURE MAE JEFFERS, et al.                                         PLAINTIFFS

v.                          Case No. 2:12-cv-00016
                  Three-Judge Court:  Hon. Holmes, Smith, and Wright

MIKE BEEBE, in his official capacity as
Governor of Arkansas and Chairman of
the Arkansas Board of Apportionment;
MARK MARTIN, in his capacity as Secretary
of State of Arkansas and as a member of
the Arkansas Board of Apportionment;
DUSTIN McDANIEL, in his capacity as Attorney
General of Arkansas and a member of the
Arkansas Board of Apportionment; and
THE ARKANSAS BOARD OF APPORTIONMENT                               DEFENDANTS

<u>**SEPARATE DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE
TO SEPARATE DEFENDANTS' MOTION TO DISMISS**</u>

  Governor Mike Beebe, Attorney General Dustin McDaniel, and the Arkansas Board of

Apportionment ("Separate Defendants") deserve a ruling on their motion to dismiss.  Plaintiffs

have not offered any good reasons why the Court should delay its ruling or deny the motion.  As

Plaintiffs recognize by citing to Rule 12(i), motions to dismiss are ordinarily decided before the

parties are required to spend significant time and resources on discovery and trial preparation.

There is still time for the Court to follow its normal procedures, decide the motion to dismiss,

and thereby preserve the interests of judicial efficiency and economy.  For example, additional

depositions and significant pre-trial preparations could be avoided if the motion is granted.

  The procedural history of this case underscores the following point:  Separate Defendants

have urgently tried, at every turn, to get an expeditious ruling on the threshold legal issues in this

case.  Separate Defendants were not served with the original complaint until January 30, 2012—

a week after Plaintiffs filed their original complaint.  Separate Defendants moved to dismiss five

business days after service of process.  On February 22, 2012—the date of Plaintiffs' deadline for responding—Plaintiffs filed a motion for leave to file an amended complaint that contained different allegations than the original complaint.  Plaintiffs also filed a brief in response to the motion to dismiss that consisted entirely of a block quotation from an old, pre-*Twombly* Eighth Circuit case on the pleading standard.  After Separate Defendants promptly notified the Court that they did not oppose Plaintiffs' motion to amend the complaint and that their pending motion to dismiss had been rendered moot, Plaintiffs' actually filed the previously tendered amended complaint, but not until the date of the court-ordered deadline (March 2, 2012).  Two business days later, Separate Defendants again moved to dismiss.  Plaintiffs then waited until the day their response was due to seek an extension, and then eventually filed their response after normal business hours on March 26, 2012.  Thus, to the extent that Separate Defendants' motion has not become ripe for a ruling until the final weeks of the discovery period, Plaintiffs have only themselves to blame for the delay.  Plaintiffs' foot-dragging in the face of Separate Defendants' expeditious motion practice should not serve as basis for a delayed ruling.

Turning to the merits, Plaintiffs have not addressed any of the cases discussed in the brief in support of Separate Defendants' pending motion to dismiss, including the foundational U.S. Supreme Court cases.  What is more, Plaintiffs have not cited a single case in which a plaintiff has challenged an existing majority-black district for not containing an even larger majority of African-American voters (much less a Supreme Court or lower court decision that has embraced such a novel theory).  Instead, in their response Plaintiffs merely repeated the argument made in their complaint that new Senate District 24 includes Crittenden County—a county that is approximately half black and half white under the undisputed public record—in addition to other

majority-black territories.[1]   The fact that a majority-black district with an even larger black population could theoretically have been created does not create a plausible inference of intentional discrimination or dilution.   After all, neither the Voting Rights Act nor the Constitution requires the maximization of minority voting strength or a guaranteed outcome for minority-preferred candidates.   For the reasons discussed in Separate Defendants' motion and supporting brief, this Court should dismiss Plaintiffs' amended complaint with prejudice.

DUSTIN MCDANIEL
Attorney General of Arkansas

By: /s/ *David A. Curran*
David A. Curran, Ark. Bar No. 2003031
Assistant Attorney General
C. Joseph Cordi Jr., Ark. Bar No. 91225
Assistant Attorney General
Warren T. Readnour, Ark. Bar No. 93224
Senior Assistant Attorney General
Office of the Arkansas Attorney General
323 Center St., Suite 500
Little Rock, AR 72201
Phone: (501) 682-1681
Fax: (501) 682-2591
Email: david.curran@arkansasag.gov

*Attorneys for Separate Defendants Governor*
*Mike Beebe, Attorney General Dustin McDaniel,*
*and the Arkansas Board of Apportionment*

---

[1] Plaintiffs also contend that Separate Defendants' arguments regarding "cross-over voting" is mistaken and too fact-intensive to be decided at this procedural stage, but this point is a red herring:  the concept of cross-over voting was never addressed in Separate Defendants' motion papers and does not serve as a basis for why dismissal is appropriate.

**<ins>CERTIFICATE OF SERVICE</ins>**

I hereby certify that on March 28, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

James F. Valley
james@jamesfvalley.com

W. Asa Hutchinson, Esq.
asa@ahlawgroup.com

W. Asa Hutchinson, III
ahutchinson@ahlawgroup.com

/s/ David A. Curran

4