**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

FUTURE MAE JEFFERS, et al.                                          PLAINTIFFS

v.                                    Case No. 2:12-cv-00016-JLH

MIKE BEEBE, in his official capacity as
Governor of Arkansas and Chairman of
the Arkansas Board of Apportionment;
MARK MARTIN, in his official capacity as
Secretary of State of Arkansas and as a member of
the Arkansas Board of Apportionment;
DUSTIN McDANIEL, in his official capacity as
Attorney General of Arkansas and a member of the
Arkansas Board of Apportionment; and
THE ARKANSAS BOARD OF APPORTIONMENT                               DEFENDANTS

## <u>GOVERNOR MIKE BEEBE, ATTORNEY GENERAL<br>DUSTIN MCDANIEL, AND THE ARKANSAS BOARD OF<br>APPORTIONMENT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT</u>

Governor Mike Beebe, Attorney General Dustin McDaniel, and the Arkansas Board of

Apportionment (collectively "Separate Defendants") state as follows for their answer to

Plaintiffs' amended complaint:

1.      Separate Defendants admit that Plaintiffs purport to have asserted claims under

Section 2 of the Voting Rights Act of 1965, 42 U.S.C. § 1973, and the Fourteenth and Fifteenth

Amendments to the US. Constitution.  Separate Defendants admit that Plaintiffs purport to seek

declaratory and injunctive relief.  Separate Defendants deny liability and deny that Plaintiffs are

entitled to any relief.  Separate Defendants deny the remaining allegations in paragraph 1 of the

amended complaint.

2.      Separate Defendants admit that the Court has subject-matter jurisdiction.

3.      Separate Defendants admit that venue is proper.

4.      Separate Defendants admit that Plaintiffs have requested a three-judge court under 28 U.S.C. § 2284.

5.      Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the complaint and, therefore, deny those allegations.

6.      Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint and, therefore, deny those allegations.

7.      Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint and, therefore, deny those allegations.

8.      Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint and, therefore, deny those allegations.

9.      Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint and, therefore, deny those allegations.

10.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint and, therefore, deny those allegations.

11.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint and, therefore, deny those allegations.

12.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint and, therefore, deny those allegations.

13.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint and, therefore, deny those allegations.

14.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint and, therefore, deny those allegations.

15.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint and, therefore, deny those allegations.

16.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint and, therefore, deny those allegations.

17.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint and, therefore, deny those allegations.

18.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint and, therefore, deny those allegations.

19.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the complaint and, therefore, deny

those allegations.

20.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the complaint and, therefore, deny those allegations.

21.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint and, therefore, deny those allegations.

22.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the complaint and, therefore, deny those allegations.

23.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the complaint and, therefore, deny those allegations.

24.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the complaint and, therefore, deny those allegations.

25.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the complaint and, therefore, deny those allegations.

26.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the complaint and, therefore, deny those allegations.

27.     Upon information and belief, Separate Defendants admit the allegations in paragraph 27 of the amended complaint.

28.     Separate Defendants admit the allegations in paragraph 28 of the amended complaint.

29.     Separate Defendants admit that Senate District 24 is at issue in this litigation and that certain parts of Senate District 24 overlap with old Senate District 16 as adopted by the Board of Apportionment in 2001.   Separate Defendants deny the remaining allegations in paragraph 29 of the amended complaint.

30.     Separate Defendants admit that a majority of African Americans of voting age can constitute a Senate district in the area that includes parts of Crittenden, Cross, Lee, Monroe, Phillips, St. Francis, and Woodruff counties.   Separate Defendants admit that Crittenden, Cross, Lee, and Phillips counties, in addition to other counties, are often referred to as "the Delta." Separate Defendants deny the remaining allegations in paragraph 30 of the amended complaint.

31.     Separate Defendants admit that new Senate District 24 has a BVAP of approximately 53%.  Separate Defendants deny the remaining allegations in paragraph 31 of the complaint.

32.     With regard to the first quoted sentence of paragraph 32 of the amended complaint, Separate Defendants deny that the language appears in *Smith v. Clinton*, 687 F. Supp. 1310 (E.D. Ark. 1988).   Separate Defendants admit that the remaining quoted language in paragraph 32 of the amended complaint appears in *Smith v. Clinton* but denies that those statements are applicable to the present facts.   Separate Defendants deny the remaining allegations in paragraph 32 of the amended complaint.

33.     Separate Defendants admit that, in *Smith v. Clinton*, Dr. Allan Lichtman analyzed certain decades-old elections in West Memphis and Earle.  Separate Defendants admit that the quotation in paragraph 33 of the amended complaint appears in *Smith v. Clinton*.  Separate Defendants deny the remaining allegations in paragraph 33 of the complaint.

34.     With regard to paragraph 34 of the amended complaint, Separate Defendants deny that the court's conclusion was based on an empirical study.  Separate Defendants admit that the quoted language in paragraph 34 is contained in *Smith v. Clinton*, 687 F.Supp. 1361 (E.D. Ark. 1988).  Separate Defendants deny the remaining allegation sin paragraph 34 of the complaint.

35.     Separate Defendants admit that, in *Jeffers v. Clinton*, 730 F. Supp. 196, 208-09 (E.D. Ark. 1989), the district court considered Dr. Richard Engstrom's testimony and observed that there was a "tendency" for voters in certain elections during the 1970s and 1980s to vote for candidates of their own race.  Separate Defendants deny the remaining allegations in paragraph 35 of the amended complaint.

36.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the complaint and, therefore, deny those allegations.

37.     Separate Defendants admit the first sentence in paragraph 37 of the amended complaint.  Separate Defendants deny the remaining allegations in paragraph 37 of the amended complaint.

38.     In response to paragraph 38 of the amended complaint, Separate Defendants admit that, in 2001, the new Senate District 16 overlapped with certain parts of the area covered by the previous District 22.  Separate Defendants admit that the 2000 Census BVAP of the new

Senate District 16 was 55.4%.  Defendants deny the remaining allegations in paragraph 38 of the amended complaint.

39.     Separate Defendants admit the first sentence in paragraph 39 of the amended complaint.  However, paragraph 39 of the amended complaint omits votes cast for McCoy, an African American.  Separate Defendants deny the remaining allegations in paragraph 39 of the amended complaint.

40.     Separate Defendants admit the allegations in paragraph 40 of the amended complaint.

41.     Separate Defendants admit that no white candidates filed to run against Senator Jack Crumbly in the Democratic primary election of May 18, 2010.  Separate Defendants admit the second sentence in paragraph 41 of the amended complaint.  Separate Defendants deny any remaining allegations in paragraph 41 of the amended complaint.

42.     Separate Defendants deny the allegations in paragraph 42 of the amended complaint.

43.     Separate Defendants admit the allegations in paragraph 43 of the amended complaint.

44.     Separate Defendants admit the allegations in paragraph 44 of the amended complaint.  Responding further, Separate Defendants state that the target size for equal population requirements was 83,312.

45.     Separate Defendants admit the allegations in paragraph 45 of the amended complaint.

46.     Separate Defendants admit the allegations regarding Lee and Phillips counties in paragraph 46 of the amended complaint.  Separate Defendants deny the allegations regarding

Crittenden and St. Francis counties in paragraph 46 of the amended complaint.   Separate Defendants deny any remaining allegations in paragraph 46 of the amended complaint.

47.     Separate Defendants admit the allegations in paragraph 47 of the complaint.

48.     Separate Defendants admit that the map shown in Exhibit 5 to the amended complaint would have altered the boundaries of old District 16 by moving further west and south.   Separate Defendants deny any remaining allegations in paragraph 48 of the amended complaint.

49.      Separate Defendants admit the allegations in paragraph 49 of the amended complaint.

50.     Separate Defendants admit that Senator Crumbly prepared another map.   Separate Defendants deny any remaining allegations in paragraph 50 of the complaint.

51.     Separate Defendants admit that certain African Americans expressed concerns regarding majority-minority districts.   Separate Defendants deny any remaining allegations in paragraph 51 of the amended complaint.

52.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the complaint and, therefore, deny those allegations.   Responding further, Separate Defendants state that the appropriate data is the April 2010 census data, not data that Plaintiffs collected in January 2012 as they prepared to file a lawsuit.   Moreover, the ratio of black to non-black inmates at East Arkansas Regional Unit at the time of the April 2010 census was such that the district's BVAP was not increased by including inmates in the population totals.

53.     Separate Defendants admit that variations in the district lines could conceivably be drawn.   Responding further, Separate Defendants state that the official Senate map that the

Board of Apportionment adopted in July 2011 did not dilute the voting strength of African Americans. Separate Defendants deny any remaining allegations in paragraph 53 of the amended complaint.

54. Separate Defendants admit that Governor Mike Beebe discussed the successor to District 16 and acknowledged Senator Crumbly's concerns. Separate Defendants deny any remaining allegations in paragraph 54 of the amended complaint.

55. In response to paragraph 55 of the amended complaint, Separate Defendants admit that Governor Mike Beebe discussed the successor to District 16 and acknowledged Senator Crumbly's concerns. Separate Defendants deny any remaining allegations in paragraph 55 of the complaint.

56. Separate Defendants admit the allegations in paragraph 56 of the amended complaint.

57. Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' mental state and, therefore, deny the allegations in paragraph 57 of the amended complaint. Separate Defendants deny that Senate District 24 dilutes the voting strength of African Americans. Separate Defendants deny any remaining allegations in paragraph 57 of the amended complaint.

58. Separate Defendants admit that Senate District 24 does not take in "all or more" of St. Francis and Lee counties. Separate Defendants admit that Senate District 24 takes in all of Crittenden County. Separate Defendants deny any remaining allegations in paragraph 58 of the amended complaint. Separate Defendants specifically deny the amended complaint's presumption that old District 16 operates as the baseline from which other geographic areas are "added" or "removed" to form new District 24.

59.     Separate Defendants state that Plaintiffs Exhibit 3 speaks for itself, and they deny any allegations in Plaintiffs' amended complaint that are inconsistent with Exhibit 3.  Separate Defendants admit that Senate District 24 includes Crittenden County and the Cross County towns of Parkin and Tyronza.  Separate Defendants deny any remaining allegations in paragraph 59 of the amended complaint.  Separate Defendants specifically deny the amended complaint's presumption that old District 16 operates as the baseline from which other geographic areas are "added" or "removed" to form new District 24.

60.     Separate Defendants deny the allegations in paragraph 60 of the amended complaint.  Separate Defendants specifically deny the amended complaint's presumption that old District 16 operates as the baseline from which other geographic areas are "added" or "removed" to form new District 24.

61.     Separate Defendants deny the allegations in paragraph 61 of the complaint. Separate Defendants specifically deny the amended complaint's presumption that old District 16 operates as the baseline from which other geographic areas are "added" or "removed" to form new District 24.

62.     Separate Defendants deny the allegations in paragraph 62 of the complaint. Separate Defendants specifically deny the amended complaint's presumption that old District 16 operates as the baseline from which other geographic areas are "added" or "removed" to form new District 24.

63.     Separate Defendants deny the allegations in paragraph 63 of the amended complaint.  Separate Defendants specifically deny the amended complaint's presumption that old District 16 operates as the baseline from which other geographic areas are "added" or "removed" to form new District 24.

64.     Separate Defendants admit that plaintiff Senator Jack Crumbly resides in St. Francis County.   Separate Defendants lack knowledge or information regarding the second sentence of paragraph 64 of the complaint and, therefore, deny that allegation and any other allegations regarding Senator Crumbly's "base."   Separate Defendants deny any remaining allegations in paragraph 64 of the amended complaint.   Separate Defendants specifically deny the amended complaint's presumption that old District 16 operates as the baseline from which other geographic areas are "added" or "removed" to form new District 24.

65.     Separate Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the amended complaint and, therefore, deny those allegations.

66.     Separate Defendants admit that new Senate District 24 does not include Haynes or Rondo.  Separate Defendants deny any remaining allegations in paragraph 66 of the amended complaint.  Separate Defendants specifically deny the amended complaint's presumption that old District 16 operates as the baseline from which other geographic areas are "added" or "removed" to form new District 24.

67.     Separate Defendants admit that new Senate District 24 has a population of 87,147, which is 3,835 or 4.6% more than the target size.  Separate Defendants deny the remaining allegations in paragraph 67 of the amended complaint.

68.     Separate Defendants deny the allegations in paragraph 68 of the amended complaint.

69.     Separate Defendants deny the allegations in paragraph 69 of the amended complaint.

70.     In response to paragraph 70 of the amended complaint, Separate Defendants admit that Table 5 is an accurate summary of the population in District 24.  Separate Defendants deny the remaining allegations and specifically deny the amended complaint's presumption that the African-American population in District 24 was reduced.

71.     Separate Defendants deny the allegations in paragraph 71 of the amended complaint.

72.     Separate Defendants admit the allegations in paragraph 72 of the amended complaint.

73.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the splitting of precincts in paragraph 73 of the amended complaint and, therefore, deny those allegations.  Separate Defendants admit the remaining allegations in paragraph 73 of the amended complaint.

74.     Separate Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the splitting of precincts in paragraph 74 of the amended complaint and, therefore, deny those allegations.  Separate Defendants admit the remaining allegations in paragraph 74 of the amended complaint.

75.     Separate Defendants deny the allegations in paragraph 75 of the amended complaint.

76.     Separate Defendants admit the allegations in paragraph 76 of the amended complaint.

77.     Separate Defendants admit the allegations in paragraph 77 of the amended complaint.

78.     Separate Defendants admit the allegations in paragraph 78 of the amended complaint.

79.     Separate Defendants admit the allegations in paragraph 79 of the amended complaint.

80.     Separate Defendants deny the allegations in paragraph 80 of the amended complaint.

81.     Separate Defendants deny the allegations in paragraph 81 of the amended complaint.  Separate Defendants specifically deny the amended complaint's presumption that new District 23 operates as the successor to old District 17.

82.      Separate Defendants admit the allegations in paragraph 82 of the amended complaint.

83.     Separate Defendants admit that Senator Jim Luker is term-limited.  Separate Defendants deny the remaining allegations in paragraph 83 of the amended complaint.  Separate Defendants specifically deny the amended complaint's presumption that a State Representative could be considered an incumbent for a State Senate office.

84.     Separate Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the complaint and, therefore, deny those allegations.

85.     Separate Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the complaint and, therefore, deny those allegations.

86.     Separate Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the complaint and, therefore, deny those

allegations.  Responding further, Separate Defendants state that Ingram's press release is dated January 16, 2012.

87.     Separate Defendants deny the allegations in paragraph 87 of the amended complaint.

88.     Separate Defendants lack knowledge or information regarding Representative Ingram's "base" and, therefore, deny the allegations in paragraph 88 of the complaint.

89.     Separate Defendants lack knowledge or information regarding Senator Crumbly's "base" and, therefore, deny the allegations in paragraph 89 of the complaint.

90.     Separate Defendants deny the allegations in paragraph 90 of the amended complaint.

91.     Separate Defendants deny the allegations in paragraph 91 of the amended complaint.

92.     In response to paragraph 92 of the amended complaint, Separate Defendants incorporate each of the preceding responses.

93.     Separate Defendants deny the allegations in paragraph 93 of the amended complaint.

94.     In response to paragraph 94 of the amended complaint, Separate Defendants incorporate each of the preceding responses.

95.     Separate Defendants deny the allegations in paragraph 95 of the amended complaint.

96.     Separate Defendants deny the allegations in paragraph 96 of the amended complaint.

97.     Separate Defendants deny the allegations in paragraph 97 of the amended complaint.

98.     Separate Defendants deny the allegations in paragraph 98 of the amended complaint.

99.     Separate Defendants deny the allegations in paragraph 99 of the amended complaint and all subsequent allegations (including the prayer for relief).

100.     Separate Defendants deny every allegation in the amended complaint not specifically admitted in this answer.

101.     Separate Defendants affirmatively state that Plaintiffs' amended complaint fails to state a claim upon which relief can be granted and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

102.     Separate Defendants affirmatively state that Plaintiffs' arguments and proposals would violate the Equal Protection Clause of the U.S. Constitution, if adopted by the Court or the Board of Apportionment, because they would make race the predominate purpose in redistricting.

103.     Separate Defendants affirmatively state that their redistricting decisions were based on legitimate, nondiscriminatory reasons.

104.     Separate Defendants affirmatively state that the Arkansas Board of Apportionment is entitled to sovereign immunity.

105.     Separate Defendants affirmatively state that Governor Beebe and Attorney General McDaniel are immune from suit under the doctrine of legislative immunity.

106.     Separate Defendants affirmatively state that Plaintiffs' amended complaint is barred by the doctrines of waiver, estoppel, and laches.

15

WHEREFORE, Separate Defendants pray that the Court dismiss the amended complaint with prejudice and grant all other relief to which they may be entitled.

DUSTIN MCDANIEL
Attorney General of Arkansas

By: /s/ *David A. Curran*
David A. Curran, Ark. Bar No. 2003031
Assistant Attorney General
C. Joseph Cordi Jr., Ark. Bar No. 91225
Assistant Attorney General
Warren T. Readnour, Ark. Bar No. 93224
Senior Assistant Attorney General
Office of the Arkansas Attorney General
323 Center St., Suite 300
Little Rock, AR 72201
Phone: (501) 682-1681
Fax: (501) 682-2591
Email: david.curran@arkansasag.gov

*Attorneys for Separate Defendants Governor*
*Mike Beebe, Attorney General Dustin McDaniel,*
*and the Arkansas Board of Apportionment*

## CERTIFICATE OF SERVICE

   I hereby certify that on April 18, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

James F. Valley
james@jamesfvalley.com

Peter S. Wattson
peterwattson@gmail.com

W. Asa Hutchinson
asa@ahlawgroup.com

W. Asa Hutchinson, III
ahutchinson@ahlawgroup.com

            /s/ David A. Curran