**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

FUTURE MAE JEFFERS; MARY JEFFERS;                                                            PLAINTIFFS
HENRY PEACOCK; SHIRLEY HARVELL;
REV. RONALD WILLIAMS; PEGGY R. WRIGHT;
LAURA LOVE; FRANK SHAW; C.W. CAMPBELL;
LEO CHITMAN; ETTA CAMPBELL; PLEZ LUCAS;
VICKIE ROBERTSON; JOSEPH PERRY; ELBERT SMITH;
SANDRA BAGLEY; NIKKI DISMUKE; ALICE W. VALLEY;
LAKETHA BROWN FLUKER; KATRINA HARRELL;
CHESTER HARRELL; EDDIE O'NEAL; CHRISTOPHER
FRANKLIN; and JACK BERNARD CRUMBLY

v.                                         No. 2:12CV00016 JLH

MIKE BEEBE, in his capacity as Governor of Arkansas
and Chairman of the Arkansas Board of Apportionment;
MARK MARTIN, in his capacity as Secretary of State
of Arkansas and as a member of the Arkansas Board
of Apportionment; DUSTIN MCDANIEL, in his
capacity as Attorney General of Arkansas and a member
of the Arkansas Board of Apportionment; and
ARKANSAS BOARD OF APPORTIONMENT                                                              DEFENDANTS

**Before Three Judge Panel
District Judge Holmes, Circuit Judge Smith, and District Judge Wright**

**ORDER**

During the rebuttal portion of their closing argument, the plaintiffs requested that the Court enter an injunction postponing the primary election for Arkansas Senate District 24, which is the subject of this lawsuit, as well as Senate Districts 22 and 23,[1] until the date of the general election, November 6, 2012.

---

[1] The Court takes judicial notice that District 22 has an incumbent senator who is unopposed, and that District 23 has one Democratic candidate and one Republican candidate. If the boundaries of those districts are modified, however, all of that could change.

In one of the seminal reapportionment cases, the United States Supreme Court explained:

[U]nder certain circumstances, such as where an impending election is imminent and a State's election machinery is already in progress, equitable considerations might justify a court in withholding the granting of immediately effective relief in a legislative apportionment case, even though the existing apportionment scheme was found invalid. In awarding or withholding immediate relief, a court is entitled to and should consider the proximity of a forthcoming election and the mechanics and complexities of state election laws, and should act and rely upon general equitable principles.

*Reynolds v. Sims*, 377 U.S. 533, 585, 84 S. Ct. 1362, 1394, 12 L. Ed. 2d 506 (1964). "The decision to enjoin an impending election is so serious that the Supreme Court has allowed elections to go forward even in the face of an undisputed constitutional violation." *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (collecting cases).

Here, the 2012 primary elections in the State of Arkansas have already begun. Although the official primary election date is May 22, 2012, that date marks the conclusion (except for any potential runoffs) of the primary elections in Arkansas in 2012. Precinct boundaries and polling sites have been determined, election proclamations have been issued, and ballots have been printed. Early voting began on May 7, 2012. No doubt, votes have already been cast, including both absentee votes and early votes cast in person. "These investments of time, money, and the exercise of citizenship rights cannot be returned." *Shelley*, 344 F.3d at 919. In considering general equitable principles as they apply in reapportionment cases, the Court has concluded that it is too late to enjoin these elections, which are already under way.

Furthermore, the plaintiffs' motion presumes that, if they prevail on the merits, the remedy will affect Senate Districts 22, 23, and 24, and only those districts. While there is evidence that Senate districts could be drawn in such a way as to give the plaintiffs the relief that they request while

altering only Districts 22, 23, and 24, if the plaintiffs prevail on the merits, the Arkansas Board of Apportionment will have the right and the responsibility to draw new districts.  "They are the authorities charged by state law with the responsibility of drawing a plan of apportionment, and they should also bear the primary responsibility for conforming the present plan to the requirements of federal law."  *Jeffers v. Clinton*, 730 F. Supp. 196, 217 (E.D. Ark. 1989).  While it may be that, if the Court finds in favor of the plaintiffs on the merits, the Board will draw new Senate districts so as to modify the boundaries of Districts 22, 23, and 24, and only those districts, the Court cannot presume that the Board will do so.

In explaining the reasons for denying the plaintiffs' motion, the Court has not commented on the merits of the case, nor should any inference be drawn from this order as to what the decision on the merits will be.  No decision on the merits has been reached.  Nor is anything in this order intended to suggest that the plaintiffs were dilatory in prosecuting this action.

I am authorized to state that Circuit Judge Lavenski R. Smith and District Judge Susan Webber Wright join in this order.

IT IS SO ORDERED this 11th day of May, 2012.

*/s/ J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE